Okby, C. J.
1. The jurisdiction exercised in divorce eases with respect to children, is continuing, and the power to modify the order in that respect may be exercised, during the minority of the children, whenever their welfare requires such modification. A reservation in the decree of authority to so modify is not essential to the exercise of such power; nor has the statute of limitations any application to such a case. Hoffman v. Hoffman, 15 Ohio St. 427. And see 2 Bishop’s M. & D. § 530.
2. In dismissing the proceeding in error for want of jurisdiction, the district court erred. Formerly such orders were not reviewable on error (Tappan v. Tappan, 6 Ohio St. 64), but the rule has been changed. King v. King, ante, 370; and see Cox v. Cox, 19 Ohio St. 502. Of course, this power does not extend to an order granting a divorce, for, according to the settled policy in this state, such orders are not reviewable. Rev. Stats. § 5706 ; Parish v. Parish, 9 Ohio St. 534; and see 2 Bishop’s M. & D. § 260.
3. We are vested with discretion, on reversing the order of dismissal, to render such judgment as the district court should have rendered, or remand the cause to that court for further *560 proceedings. Rev. Stats: § 6726, note; 29 Ohio St. 326. Where the evidence is set forth and a reversal is sought upon the ground that it does not support the verdict or judgment, and it appears from the record that the district court, for any cause, failed to determine that ^question, we have in case of reversal on other grounds, uniformly remanded the cause to the district, court for further proceedings, without determining as to the weight or effect of such evidence. l¡n view of the peculiar nature of this proceeding, and the fact that the district court has pronounced no judgment as to the sufficiency of the pleadings, we will remand the cause to the district court, without expressing any opinion as to the sufficiency of the grounds of reversal, except as here indicated.

Judgment reversed.